# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56793-8-II |
| Respondent, | |
| v. | |
| JONATHAN TYLER STAMER, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J.—Jonathan Tyler Stamer pleaded guilty to four counts of third degree rape of a child. The trial court denied his request for a special sex offender sentencing alternative and sentenced him to 60 months of incarceration.

Stamer argues that his plea was invalid because it was not knowing, intelligent, and voluntary. Stamer also contends that the trial court failed to ensure that he understood the consequences of his plea. We disagree and affirm.

## FACTS

In 2020, when Stamer was 24 years old, he lived with JA, an adult woman, and JA's 15-year-old child, LA.[1] After JA discovered that Stamer and LA were having sexual intercourse, she reported Stamer to law enforcement.

The State then charged Stamer with four counts of third degree rape of a child. The information stated that on four occasions in Clark County, Washington, Stamer had sexual

---

[1] Our record indicates that the child's correct pronouns are gender-neutral and they go by their middle name, L.

intercourse with LA, who was fewer than 16 years old, not married to Stamer, and at least 48 months younger than Stamer. At the time Stamer committed the crime, a person was guilty of third degree rape of a child "when the person has sexual intercourse with another who is at least [14] years old but less than [16] years old and not married to the perpetrator and the perpetrator is at least [48] months older than the victim." Former RCW 9A.44.079(1) (1988).

Stamer pleaded guilty to all four charges. In a statement of defendant on plea of guilty that he signed and that his attorney filed with the trial court, Stamer stated, "Between January 4, 2020[,] and December 30, 2020, on four separate and distinct occasions, I had sexual intercourse with [LA] who was under the age of 16, we were not married, and I was at least 48 months older than [them]." Clerk's Papers (CP) at 22.

The plea documents contained several prewritten paragraphs. One paragraph concerning the special sex offender sentencing alternative included the statement, "I understand that I must voluntarily and affirmatively admit that I committed all of the elements of the crime(s) to which I am pleading guilty" in order to receive the sentencing alternative. CP at 19. Stamer initialed next to the paragraph containing this statement. The statement of defendant on plea of guilty also contained the following prewritten language: "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs and . . . I understand them all." CP at 22. Stamer signed immediately below this paragraph.

At the plea hearing, Stamer told the trial court that he had the chance to review the statement of defendant on plea of guilty with his attorney and that he "had more than enough time" to ask his attorney questions about the consequences of the plea. Verbatim Rep. of Proc. (VRP) at 13. When the trial court asked if Stamer had any additional questions, Stamer said he did not. After

listing the rights Stamer would be waiving by pleading guilty and confirming that Stamer still wished to go forward with the plea, the trial court reviewed Stamer's charging document:

> [THE COURT:] All right. Information was filed . . . alleging four counts of -- rape of a child in the third degree, four separate and distinct offenses. You understand that is what you're being charged with --
> DEFENDANT: Yes, Ma'am.
> THE COURT: You were arraigned on those charges so presumably you've reviewed them with your attorney.

VRP at 16. Neither Stamer nor his attorney objected to the court's statement.

The trial court then asked Stamer again if he had "literally read" the statement of defendant on plea of guilty and Stamer responded affirmatively. VRP at 18. Stamer's attorney added that he and Stamer had gone through the document that morning and that he had provided Stamer with a copy of it.

Finally, the trial court asked Stamer's attorney to read Stamer's statement of guilt. The attorney said, "[B]etween January 4th, 2020[,] and December 30th, 2020[,] on four separate and distinct occasions in Clark County, Washington[, Stamer] had sexual intercourse with [LA,] who was under the age of 16, they were not married and at the time he was at least 48 months older than [them]."[2] VRP at 20. The trial court asked Stamer, "Were you able to hear the statement that your attorney read?" *Id.* Stamer said yes. The trial court then asked if the statement was true, and Stamer said yes again. After finding that Stamer's guilty plea was "knowingly, intelligently, [and] voluntarily made," that Stamer understood "the charges and the consequences of the plea," and that there was "a factual basis for the plea," the trial court accepted Stamer's guilty plea. VRP at 21.

---

[2] Stamer's attorney added the fact that the sexual intercourse took place in Clark County, Washington.

Stamer did not move to withdraw his plea before sentencing. At sentencing, the trial court denied Stamer's request for a special sex offender sentencing alternative. The court sentenced him to 60 months for each charge, to be served concurrently.

Stamer appeals.

ANALYSIS

Stamer argues that he did not enter a guilty plea on a knowing, intelligent, and voluntary basis. Stamer contends that although he admitted to the conduct that formed the basis for his plea, "he did not express any understanding of the elements of the [crimes] charged." Appellant's Opening Br. at 11-12. Stamer further contends that the "record fails to establish an adequate factual basis for the" plea, focusing his argument on the fact that the trial court did not ensure that he "understood what he was pleading guilty to." *Id.* at 13. Stamer explains that after his attorney read aloud his written statement of guilt, the trial court did not ask about the setting of the rapes or his motives for committing them. Additionally, Stamer argues that a plea is not knowing, intelligent, and voluntary "if the defendant does not understand all of the direct consequences of the plea," implying that he did not understand the consequences of his own plea. *Id.* at 8. We disagree and affirm.

As an initial matter, the State contends that Stamer may not argue for "the first time on appeal . . . that the trial court did not have a sufficient factual basis to find him guilty in accordance with CrR 4.2(d)."[3] Br. of Resp't at 3. We "*may* refuse to review any claim of error which was not

---

[3] In addition to requiring a guilty plea to be "made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea," CrR 4.2(d) forbids a superior court from entering "a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

raised in the trial court." RAP 2.5(a) (emphasis added). Noting that RAP 2.5(a) makes an exception for raising a manifest error affecting a constitutional right for the first time on appeal, the State argues that because "factual bases implicate only the procedural requirement of CrR 4.2, Stamer fails to" raise such a constitutional error. Br. of Resp't at 7.

Although Stamer states in his opening brief that the record fails to establish a factual basis for his plea, his analysis focuses on whether his plea was knowing, intelligent, and voluntary. The Washington Supreme Court recently addressed an argument on appeal that a plea was not knowing, intelligent, and voluntary even though the defendant failed to move to withdraw his plea in the trial court. *State v. Snider*, 199 Wn.2d 435, 442-44, 508 P.3d 1014 (2022). We did the same in *State v. Knotek*, explaining that "[a]lleged involuntariness of a guilty plea is the type of constitutional error that a defendant can raise for the first time on appeal." 136 Wn. App. 412, 422-23, 149 P.3d 676 (2006). And Division One took a similar approach where a defendant argued for the first time on appeal that "the trial court misinformed him of the applicable maximum sentence for" his offense. *State v. Kennar*, 135 Wn. App. 68, 71, 143 P.3d 326 (2006). Division One explained "that a 'guilty plea is not knowingly made when it is based on misinformation of sentencing consequences,'" reaching the issue of whether the defendant's plea was knowing, intelligent, and voluntary even though the defendant did not make a motion to withdraw their plea in the trial court. *Id.* at 72 (quoting *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 298, 88 P.3d 390 (2004)). In doing so, Division One relied on *Isadore*, 151 Wn.2d at 297-98, a more recent case than those cited in the State's briefing here. Following *Snider*, *Knotek*, and *Kennar*, we elect to reach the merits of Stamer's claim.

Turning to the merits, the due process clause of the Fourteenth Amendment to the United States Constitution requires a defendant's guilty plea to be knowing, intelligent, and voluntary. *State v. Buckman*, 190 Wn.2d 51, 59, 409 P.3d 193 (2018); *Boykin v. Alabama*, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). A defendant cannot knowingly plead guilty unless they first receive "'real notice of the true nature of the charge against'" them. *Snider*, 199 Wn.2d at 444 (internal quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Before pleading guilty, the defendant must "'be aware of the basic elements of the offense charged.'" *Id.* (quoting *State v. Chervenell*, 99 Wn.2d 309, 318, 662 P.2d 836 (1983)). We presume a plea is knowing, intelligent, and voluntary when "a defendant pleads guilty after receiving a charging document that accurately describes the elements of the offense charged." *Id.* at 445. "That presumption can be overcome by subsequent misinformation from the trial court about the elements of the charged crime." *Id.*

*Snider* is controlling. In *Snider*, a defendant pleaded guilty to failure to register as a sex offender, a crime with a knowledge element. *Id.* at 437, 443; RCW 9A.44.132(1). Before the trial court accepted the plea, the defendant confirmed that he understood the charge and that he had no questions about the elements of failure to register. *Snider*, 199 Wn.2d at 442. He also confirmed the truth of his written statement of guilt, which said that he "'knowingly failed to comply with the sex offender registration law'" on certain dates while present in Washington. *Id.* (emphasis omitted). On appeal, the defendant argued that his plea was not knowing, intelligent, and voluntary because the trial court did not explain that the knowledge element encompassed knowledge of being subject to sex offender registration requirements, knowledge of an event triggering the requirements, and knowledge of the fact that his address was not up to date with the county

sheriff's office. *Id.* at 443. The Supreme Court held that the "plea was constitutionally valid." *Id.* at 444. Noting that the defendant acknowledged "that his charging document accurately [described] the elements of failure to register," the *Snider* court reasoned that the defendant failed to rebut the presumption that his plea was valid. *Id.* at 445. It explained that the "constitutional mandate requiring that a person be properly informed of the elements of the crime charged does not require the trial court to exhaustively detail every fact relevant under each element of that crime." *Id.* at 448.

Here, the charging document accurately described the elements of third degree rape of a child, and Stamer does not rebut the presumption that his plea was knowing, intelligent, and voluntary.

During the plea colloquy, Stamer confirmed that he understood the charges. The trial court responded, "You were arraigned on those charges so presumably you've reviewed them with your attorney," and neither Stamer nor his attorney objected to that statement. VRP at 16. Stamer's attorney then read aloud Stamer's written and signed statement of guilt, describing actions that met the elements of third degree rape of a child. The trial court asked Stamer if he heard the statement and if it was his own, and Stamer responded affirmatively. The record does not show that the trial court misinformed Stamer about the elements of third degree rape of a child, and it does not give any reason to conclude that Stamer lacked an understanding of the elements.

Stamer points out that the trial court did not ask him about the setting of the rapes or his motives for committing them. But during the plea colloquy, Stamer's attorney said, and Stamer confirmed, that the rapes took place in Clark County, Washington. No other information about the setting of the crimes is relevant to the charges. Former RCW 9A.44.079(1). And Stamer's motives

for committing the crimes are irrelevant to the validity of his plea because as "a strict liability crime, child rape in the third degree requires no proof of mens rea." *State v. Deer*, 175 Wn.2d 725, 731, 287 P.3d 539 (2012).

To the extent Stamer argues that he did not understand the consequences of his guilty plea, his argument fails. As stated above, "a 'guilty plea is not knowingly made when it is based on misinformation of sentencing consequences.'" *Kennar*, 135 Wn. App. at 72 (quoting *Isadore*, 151 Wn.2d at 298). But Stamer does not identify the consequences he did not understand, and nothing in the record shows that he lacked an understanding of the penalties he could face after pleading guilty.

## CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Glasgow, C.J.

We concur:

_____
Lee, J.

_____
Che, J.